THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-1321-___-___

LINDA MORRIS and ROBERT MORRIS

 Plaintiffs,

v.

SENTINEL INSURANCE COMPANY, LTD.,

 Defendant.
_____

**ANSWER & JURY DEMAND**
_____

 Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), by and through its counsel, L. Michael Brooks, Jr. and Surbhi Garg of Wells, Anderson & Race LLC, hereby files its Answer & Jury Demand to Plaintiffs' Complaint, stating as follows:

**I.**

 One or more of Plaintiffs' claims for relief may fail to state a claim on which relief can be granted.

**II.**

 1. In response to paragraph 1 of Plaintiffs' Complaint, Defendant admits, upon information and belief, that Plaintiff, Linda Morris, is an owner of a property located at 700 Apple Ridge Road, Lyons, Colorado, 80540. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint, and therefore denies them.

2. In response to paragraph 2 of Plaintiffs' Complaint, Defendant admits, upon information and belief, that Plaintiff, Robert Morris, is an owner of a property located at 700 Apple Ridge Road, Lyons, Colorado, 80540.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint, and therefore denies them.

3. In response to paragraph 3 of Plaintiffs' Complaint, Defendant admits that it is an insurance company that does business in Colorado and has its principal place of business in Hartford, Connecticut.

4. In response to paragraph 4 of Plaintiffs' Complaint, Defendant admits that the Colorado Secretary of State's office identifies the Colorado Division of Insurance, 1560 Broadway, Denver, Colorado, as Defendant's registered agent for service of process.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore denies them.

6. In response to paragraph 6 of Plaintiffs' Complaint, Defendant admits that venue was proper in the Larimer County District Court, but is equally proper in the United States District Court for the District of Colorado.

7. In response to paragraph 7 of Plaintiffs' Complaint, Defendant admits that Plaintiff Robert W. Morris was the named insured on a policy of insurance issued by Defendant, Policy Number 34RBB192960.

8. In response to paragraph 8 of Plaintiffs' Complaint, Defendant admits, on information and belief, that Plaintiffs owned the insured property, located at 700 Apple Ridge Road, Lyons, Colorado, 80540 (the "Property") as of September 12, 2013. Defendant is without knowledge or information sufficient to form a belief as to whether that date was the "date of the storm" referred to in Plaintiffs' Complaint, and therefore denies that allegation.

9. In response to paragraph 9 of Plaintiffs' Complaint, Defendant admits that it issued the subject insurance policy to Plaintiff Robert W. Morris. The terms of that policy speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint, and therefore denies them.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint, and therefore denies them.

11. In response to paragraph 11 of the Complaint, Defendant admits that Plaintiffs submitted a claim to Defendant on or around December 16, 2013, claiming that their Property sustained damage in a storm and seeking coverage for certain repair costs under the policy.

12. In response to paragraph 12 of Plaintiffs' Complaint, Defendant admits that it assigned claim number PP0011634419 to the claim.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. In response to paragraph 18 of Plaintiffs' Complaint, Defendant reasserts and realleges its responses to paragraphs 1 through 17, as if set forth herein.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. In response to paragraph 21 of Plaintiffs' Complaint, Defendant reasserts and realleges its responses to paragraphs 1 through 20, as if set forth herein.

22. Paragraph 22 of Plaintiffs' Complaint contains statements of law regarding the scope of legal duties, not allegations or averments of fact to which a response is required. To the extent a response is required, Defendant denies that paragraph 22 of Plaintiffs' Complaint sets forth a complete and accurate recitation of the relevant legal principles.

23. Paragraph 23 of Plaintiffs' Complaint contains statements of law regarding the scope of legal duties, not allegations or averments of fact to which a response is required. To the extent a response is required, Defendant denies that paragraph 23 of Plaintiffs' Complaint sets forth a complete and accurate recitation of the relevant legal principles.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. In response to paragraph 27 of Plaintiffs' Complaint, Defendant reasserts and realleges its responses to paragraphs 1 through 26, as if set forth herein.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies each and every allegation or averment of fact not otherwise expressly admitted herein.

31. Defendant denies that Plaintiffs are entitled to any of the relief set forth in their prayer for relief.

**III.**

The proximate cause of Plaintiffs' claimed damages and/or injuries, if any, may have been Plaintiffs' comparative negligence, which conduct either bars or reduces Plaintiffs' recovery, if any, in accord with the Colorado Comparative Negligence Statute. Colo. Rev. Stat. § 13-21-111 (2015).

**IV.**

Plaintiffs' damages, if any, may have been proximately caused by their or their representatives' delays, non-action, contributory or comparative negligence, bad faith, or wrongful acts which bar its claims or comparatively diminish its right to recover herein.

**V.**

The proximate cause of Plaintiffs' claimed damages, if any, may have been the act or omission of a third party or parties over whom Defendant had no control, to whom Defendant has no relationship, and for whom this Defendant is not legally responsible.

**VI.**

Plaintiffs may have failed to mitigate their damages, if any, as required by law.

**VII.**

Plaintiffs' claimed damages may have been caused in whole or in part by wear and tear, rust, or improper maintenance, which are excluded from coverage under the policy.

**VIII.**

Plaintiffs' claims may be barred or limited by their failure to provide timely notice of the loss.

**IX.**

Plaintiffs' claims may be barred or limited by the Actual Cash Value Loss Settlement Endorsement applicable to the roof of Plaintiffs' house, which limited recovery for roof claims to the actual cash value of the parts of the roof requiring repair or replacement.

**X.**

Plaintiffs' claims may be barred or limited by the contractual terms, conditions, provisions, and/or limitations contained within the applicable policy, including the appraisal clause contained in that policy.

**XI.**

The application of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, C.R.S. (2014) to Plaintiffs' claims would violate Defendant's rights to due process and equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and by Article II, Section 25 of the Colorado Constitution.  It would also violate the prohibition of retrospective legislation in Article II, Section 11 of the Colorado Constitution.  Defendant, therefore, notifies the Court, the Plaintiff, and the Attorney General of the State of Colorado of its intent to assert an as-applied challenge to the constitutionality of these statutes.

**XII.**

The imposition of any double-damages penalty pursuant to § 10-3-1116, C.R.S. (2014), as requested by Plaintiffs, would violate Defendant's rights to due process and equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and by Article II, Section 25 of the Colorado Constitution. Defendant, therefore, notifies the Court, the Plaintiff, and the Attorney General of the State of Colorado of its intent to assert an as-applied challenge to the constitutionality of this statute.

**XIII.**

Plaintiffs' claim for bad-faith breach of an insurance contract is barred or limited by § 10-3-1113, C.R.S. (2015).

**XIV.**

Plaintiffs' claims may be barred or limited to the extent that the alleged damages were caused by an event or occurrence that predated the inception of the Policy.

**XV.**

One or both of Plaintiffs' claims against Defendant lack substantial justification and are frivolous, groundless, and vexatious entitling this defendant to an award of attorney fees pursuant to Colo. Rev. Stat. §§ 13-17-101 et seq. and 10-3-1116(5) (2015).

**RESERVATION OF OTHER DEFENSES**

Defendant reserves its right to assert other defenses that may be disclosed as discovery, disclosures, investigation are accomplished, and hereby requests leave of

the Court to amend its Answer, if necessary, at a later date.

## DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES

WHEREFORE, Defendant, Sentinel Insurance Company, Ltd., respectfully requests that Plaintiffs' Complaint be dismissed and the Defendant have judgment against Plaintiffs for all costs incurred herein, expert witness fees, attorney fees, and for such other and further relief as the Court deems just and proper.

Dated this 19th day of June, 2015.

        Respectfully submitted

        **WELLS, ANDERSON & RACE, LLC**

        *S/   L. Michael Brooks, Jr.*
        _____
        L. Michael Brooks, Jr.
        Surbhi Garg
        1700 Broadway, Suite 1020
        Denver, CO 80290
        Telephone: (303) 830-1212
        E-Mail:  mbrooks@warllc.com
            sgarg@warllc.com

        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June, 2015, a true and correct copy of the foregoing Answer & Jury Demand was served by U.S. First Class Mail upon the following:

>Ross Ziev, Esq.
>Casey Kane, Esq.
>Jessica Mauser, Esq.
>Speights and Worrich, LLC
>116 Inverness Drive Ease, #270
>Englewood, CO  80112
>ross@speightsfirm.com
>casey@speightsfirm.com
>jmauser@speightsfirm.com

*Attorneys for Plaintiffs*

And my regular mail upon:

>Cynthia Coffman, Esq.
>Attorney General of Colorado
>Office of the Attorney General
>Ralph L. Carr Colorado Judicial Center
>1300 Broadway, 10th Floor
>Denver, CO 80203

>S/  Kathy Ledger
>_____
>Kathy Ledger, Legal Assistant
>On Behalf of L. Michael Brooks, Jr.